**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 08-CR-0017-001-TCK |
| v. ) | |
| ) | USM Number: 10383-062 |
| **ALPHIE PHILLIP McKINNEY,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION AND ORDER**

Before the Court is Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) in which he requests a reduction of sentence based on retroactive Amendment 599 and Amendment 709 (Doc. 36). Defendant pleaded guilty to a one-count indictment charging possession of firearm and ammunition after former conviction of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In October 2008, the Court imposed a sentence of 48 months based on offense level 21 and criminal history category III, resulting in a sentencing range of 46 to 57 months. In determination of the total offense level, the Court increased the base offense level four levels pursuant to USSG §2K2.1(b)(6) for possession of a firearm in connection with another felony offense. Defendant contends that Amendment 599 prohibits the enhancement of a firearms possession conviction for use of the firearm in connection with a drug trafficking crime. Defendant further argues that, based on revised Chapter Four rules caused by Amendment 709, his criminal history category was miscalculated. Defendant asserts the correct application of the guidelines will result in a lowering of his sentencing range, making him eligible for a § 3582(c) reduction of sentence.

## I. Amendment 599

Retroactive Amendment 599, effective November 1, 2000, expanded the commentary in Application Note 2 of §2K2.4 (Use of Firearm, Armor-Piercing Ammunition, or Explosive During or in Relation to Certain Crimes) to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive enhancements contained in the guidelines for those other offenses. See Guidelines Manual Appendix C, Volume II, pp. 69-70.

Defendant argues the Court improperly enhanced his sentence by applying §2K2.1(b)(6). The Court notes that Defendant was sentenced in October 2008 under the 2007 version of the Guidelines Manual. See PSR, § 10. Amendment 599 became effective in November 2000 and any revisions caused by the amendment were incorporated in the 2007 edition of the Guidelines Manual and applied at Defendant's sentencing. Further, Defendant offered no objections to the presentence report. See Addendum to the Presentence Report, dated October 9, 2008. Defendant misinterprets Amendment 599, reading the amendment to bar any firearms-related enhancement. The amendment is narrow in scope, baring a firearm enhancement for a defendant convicted of a § 924(c)(1) count and its underlying count charging a drug trafficking offense or crime of violence. The purpose of the rule is to avoid the likelihood of double counting resulting from the mandatory minimum consecutive penalty requirements of a § 924(c)(1) conviction. Amendment 599 is not applicable to Defendant's case because he was convicted of possession of a firearm or ammunition after former conviction of a felony, violating 18 U.S.C. § 922(g)(1), not possession or use of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). See United States v. Jacobs, 162 Fed.Appx. 148, 149-50 (3rd Cir. 2006) (unpublished); see also United States v. Bennett,

42 Fed.Appx. 611 (4th Cir. Aug.1, 2002) (finding the district court's denial of a motion for reduction of sentence proper because Amendment 599 did not apply to defendant's guilty plea to violations of 18 U.S.C. §§ 922(u), 922(g)(1), and 922(j)) (unpublished); United States v. Morrison, 131 Fed. Appx. 46 (5th Cir. Apr.20, 2005) (holding Amendment 599 inapplicable where defendant pleaded guilty to violating 18 U.S.C. § 922(g)(1)) (unpublished); United States v. Chaney, 61 Fed.Appx. 919 (5th Cir. Feb.19, 2003) (finding Amendment 599 inapplicable to a violation of 18 U.S.C. §§ 922(g) and 924(a)(2), where the sentencing was computed under USSG §2K2.1(b)(4), not §2K2.4) (unpublished). Amendment 599 had no bearing on application of Defendant's guideline sentence originally, and the same holds true now. Application of the amendment does not have the effect of lowering Defendant's applicable guideline range.

A reduction of a term of imprisonment is not authorized by § 3582(c) if the retroactive amendment does not have the effect of lowering a defendant's applicable guideline range. USSG §1B1.10(a)(2)(B). Because the facts establish that Defendant's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission via Amendment 599, this Court does not have jurisdiction to consider a reduction of sentence under § 3582(c). See United States v. Trujeque, 100 F.3d 869, 871 (10th Cir. 1996).

**II.     Amendment 709**

Amendment 709, effective November 1, 2007, addressed two areas of the Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. The amendment simplifies the rules for counting multiple prior sentences, by eliminating use of the term "related cases" and instead using the terms "single" or "separate" sentences. Under the amendment, the initial inquiry is

whether the prior sentences were for offenses that were separated by an intervening arrest (i.e., the defendant was arrested for the first offense prior to committing the second offense). If so, they are to be considered separate sentences, counted separately, and no further inquiry is required. Secondly, the amendment addressed the use of misdemeanor and petty offenses, counting only those convictions that result in a probation term of at least one year or a term of imprisonment of at least 30 days. See Guidelines Manual Supplement to Appendix C, pp. 238-239.

Amendment 709 is not listed as a retroactive amendment. See USSG §1B1.10(c). Accordingly, it cannot be considered by a district court pursuant to a § 3582(c) motion. See 18 U.S.C. § 3582(c)(2); see also United States v. Peters, 524 F.3d 905, 906 (8th Cir. 2008) (holding that Amendment 709 was not retroactive and the district court was therefore barred from applying it); United States v. Muhammed, 2008 WL 4190786 at *4 (D.N.J. 2008) (finding that because Amendment 709 was not listed in subsection (c) of the relevant policy statement, the court could not consider the effect of the amendment in a motion for relief filed pursuant to § 3582(c)(2)).

Even if Amendment 709 was retroactive it would not matter, because Defendant's guideline sentence was calculated consistent with the amended version. Here again, Defendant was sentenced under the 2007 version of the Guidelines Manual, which included the revisions promulgated by Amendment 709. The presentence report cites four prior adult convictions resulting in Chapter Four computations. Three are for misdemeanor offenses and one for felony crimes. Defendant was first convicted in Tulsa County case CM-98-1827 for domestic assault and battery, and sentenced on September 23, 1998, to a one year probation term (PSR, ¶ 21). According to the information, the offense occurred on July 19, 1998, the date Defendant was arrested for this crime. Defendant was next convicted in Tulsa County case CM-00-1980 for petit larceny, assault and battery, and

possession of marijuana. On January 30, 2001, he was sentenced to a one year suspended sentence on the drug count and lesser terms for the remaining counts (PSR, ¶ 22). According to the charging information, the crimes occurred on June 11, 2000, the same date of Defendant's arrest. Defendant was next convicted in Tulsa County case CM-00-4158 for joyriding and received a one year suspended sentence on January 23, 2004 (PSR, ¶ 23). Defendant was arrested for this offense on July 24, 2000, and the information alleges the crime occurred on June 28, 2000. Defendant's final conviction was in Tulsa County case CF-01-122 for unlawful delivery of a controlled drug and unlawful possession of marijuana with intent to distribute. Defendant was sentenced on August 13, 2001, to four years imprisonment (PSR, § 24). According to the charging information, the crimes occurred on September 23, 2000.

The Court first examines the modified rule on counting multiple prior sentences. The record clearly establishes that Defendant was arrested for the offense charged in case CM-98-1827 prior to committing the offenses in alleged in case CM-00-1980, and was arrested for the crime cited in case CM-00-1980 before committing the offense charged in case CM-00-4158, and was arrested for the offense named in case CM-00-4158 prior to committing the offenses described in case CF-01-122. All of Defendant's prior sentences were for offenses that were separated by intervening arrests. Next, the Court considers the second area addressed by Amendment 709, the length sentence imposed for misdemeanor or petty crimes. The record clearly shows that each of the three misdemeanor convictions considered in Chapter Four calculations resulted in a suspended sentence or term of probation of at least one year. The Chapter Four guidelines applied at the original sentencing are consistent with Amendment 709 rules.

**IT IS THEREFORE ORDERED** that defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 36), is **dismissed due to lack of jurisdiction**.

**DATED** this 17th day of July, 2009.

_____
TERENCE KERN
United States District Judge